UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COREY D. HOLDER, as Personal
Representative of the Estate of
Elizabeth Holder, a deceased
minor child,

        Plaintiff,
v.                          Case No. 8:14-cv-3052-T-33JSS

BOB GUALTIERI, in his official
capacity as Sheriff of Pinellas
County, Florida,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to the Motion to Dismiss Plaintiff's Seconded Amended Complaint (Doc. # 35), filed on May 29, 2015, by Defendant Bob Gualtieri, who is sued in his official capacity as the Sheriff of Pinellas County, Florida ("the Sheriff"). On June 10, 2015, Plaintiff Corey D. Holder ("Holder") filed a response in opposition to the Motion. (Doc. # 39). On June 19, 2015, with leave of Court, the Sheriff filed a reply. (Doc. # 45). For the reasons that follow, and those stated at the Motion hearing on June 30, 2015, the Sheriff's Motion is denied.

**I. Background**

Holder brings this action in his capacity as personal representative, alleging that his five-year-old daughter, Elizabeth Holder ("Elizabeth"), died while in the Sheriff's custody. (See Doc. # 1). As set forth in the operative Complaint, on January 11, 2013, Elizabeth was involuntarily removed from the custody of her parents by the Child Protection Division of the Pinellas County, Florida Sheriff's Office. (Doc. # 32 at ¶ 10). Holder alleges that Elizabeth died eight days later from acute tonsillitis. (Id. at ¶ 16). According to Holder, the Sheriff had an "affirmative duty" to protect Elizabeth's fundamental liberty rights to physical safety and security, and freedom from unreasonable risk of harm without due process of law. (Id. at ¶¶ 11-12). However, Holder alleges that the Sheriff failed to submit Elizabeth to a medical assessment by a licensed health care professional within 72 hours of taking her into custody, as required by Florida Administrative Code § 65C-29.008. (Id. at ¶¶ 13-15). Had Elizabeth received a timely medical screening, Holder alleges that her tonsillitis would have been detected, and Elizabeth would not have died. (Id. at ¶ 17).

## II. Legal Standard

On a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss, this Court accepts as true all the allegations in the

2

complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, in Twombly, the Supreme Court cautioned:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim

3

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**III. Analysis**

    **A. Autopsy Report**

Attached to the Motion to Dismiss is an Autopsy Report. (Doc. # 35-1). According to the Sheriff, the Report, which he alleges is both central to Holder's claims and undisputed, is misquoted in the Second Amended Complaint. (Doc. # 35 at 5). Therefore, the Sheriff contends that it is "in the interest of justice" to allow the introduction of the Report "[to ensure] that the Court may examine the true document and form its own conclusions. . . ." (Id. at 6).

Generally, the Court may only "consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). Here, without opining as to whether the Report is central to this action, the Court concludes that it need not consider the Report at

4

this stage. Rather, the Court is able to make a determination on the present Motion without utilizing the information contained within the Report.

**B. Substantive Due Process Claim (Count I)**

The Eleventh Circuit has recognized that in cases involving the abuse of a minor in foster care, children have a cognizable liberty interest "to be free from unnecessary pain and a fundamental right to physical safety." Ray v. Foltz, 370 F.3d 1079, 1082 (11th Cir. 2004).

The Sheriff argues that Holder has not alleged any facts to support a substantive due process claim, but instead, relies solely on the Sheriff's failure to follow Florida Administrative Code § 65C-29.008, which provides that "[c]hildren who have been placed in licensed shelter must have a medical screening within 72 hours of removal from home. This screening is to detect any injury, illness, communicable disease or need for immunization." (Doc. # 35 at 11; Doc. # 32 at ¶ 29).

Upon review of the Second Amended Complaint, the Court finds that Holder has satisfied the liberal standard of Fed. R. Civ. P. 8(a) in asserting a substantive due process claim. Namely, Holder alleges that Elizabeth was "involuntarily" taken into custody by the Sheriff for her protection and was

5

not provided the very services or treatment she needed to survive. (Doc. # 32 at ¶¶ 10-14). Holder further provides that the Sheriff had "no evidence that [Elizabeth] had been seen or treated by any health care provider for years prior to her removal," which provided "more than reasonable basis for the Sheriff to take affirmative action to see that she was timely medically assessed." (Id. at ¶ 31).

The operative Complaint does not rely exclusively on the Sheriff's failure to provide a medical assessment. Holder instead alleges that the Sheriff's *inaction* – by failing to comply with Florida Administrative Code § 65C-29.008 *or otherwise* – deprived Elizabeth of the fundamental right to physical safety and "to be free from unnecessary pain and a fundamental right to physical safety." Ray, 370 F.3d at 1082. Therefore, taking all reasonable inferences in favor of Holder, the Court finds that Holder has sufficiently stated a substantive due process claim. Accordingly, the Sheriff's Motion is denied as to Count I.

### C. **Procedural Due Process Claim (Count II)**

With regard to Count II, the Sheriff asserts that Holder fails to state a cognizable claim for procedural due process, which requires: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and

6

(3) constitutionally inadequate process." (Doc. # 35 at 13)(citing Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)).

Fla. Stat. § 39.001(1) states that the purpose of Chapter 39 is to "provide judicial and other procedures to assure due process through which children . . . are assured fair hearings . . . and to recognize, protect and enforce their constitutional and other legal rights." See Fla. Stat. § 39.001(1). The Department of Child Services promulgated specific regulations in furtherance of this goal; particularly, Florida Administrative Code § 65C-29.008, which specifically requires that a medical assessment by a licensed health care professional will be completed for every child entering emergency shelter care within 72 hours of removal. See Fla. Admin. Code § 65C-29.008.

The statute at bar is similar to the Georgia statute considered by the Eleventh Circuit in Taylor By and Through Walker v. Ledbetter. 818 F.2d 791 (11th Cir. 1987)(en banc). In Taylor, the statute placed an affirmative duty on the state to protect children in their legal custody by providing, among other things, "ordinary medical care." Id. at 799. The Eleventh Circuit, in Taylor, found that the scheme "mandates that officials follow guidelines and take affirmative actions

7

to ensure the well being and promote the welfare of children in foster care. These children can state a claim based upon deprivation of a liberty interest in personal safety when the officials fail to follow this mandate." Id.

Analogously, the statute at bar mandates that officials follow guidelines and take affirmative actions to "promote the health and well-being of all children under the state's care." See Fla. Stat. § 39.001(1)(a). While the Court recognizes that the facts in Taylor are notably different from those here, the Georgia statute analyzed in Taylor is substantively similar to Fla. Stat. § 39.001(1) and Florida Administrative Code § 65C-29.008.

Holder has alleged that the Sheriff failed to provide Elizabeth with a medical assessment, as mandated by Florida Administrative Code § 65C-29.008. (Doc. # 32 at ¶ 10). That state regulation, Holder contends, created an entitlement to protection of Elizabeth's "constitutional liberty right to physical safety and freedom from risk of unreasonable harm." (Id. at ¶¶ 10-11). Therefore, in failing to provide Elizabeth with the state-created right to a medical assessment, Holder argues that the Sheriff violated Elizabeth's procedural due process rights. (Id. at ¶ 11). As Fed. R. Civ. P. 8(a) affords Holder all reasonable inferences, the Court finds that Holder

8

sufficiently alleges facts to support a claim for a procedural due process violation. Thus, the Sheriff's Motion is denied as to Count II.

### D. **Respondeat Superior**

The Sheriff contends that even if the Court were to find a cause of action with regard to any of the counts, the municipality cannot be held liable under section 1983 on a respondeat superior theory for the actions of its employees. (Doc. # 35 at 16)(citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).

In response, Holder contends that the Florida Administrative Code put the Sheriff on notice of the need to provide Elizabeth with a medical assessment, and the Sheriff's alleged pattern of not providing assessments constitutes deliberate indifference. (Doc. # 32 at ¶ 37). Specifically, Holder argues that it was the Sheriff's "custom, policy and practice" to take children into custody without submitting them to a medical assessment within 72 hours, alleging that only 279 out of 884 children in custody in 2012 were provided with a medical assessment. (Id. at ¶¶ 32-33). According to Holder, this "widespread custom" of not submitting children in custody to medical assessments constitutes a deliberate disregard for their liberty rights.

9

(Id. at ¶ 34).

While the Sheriff contends that no facts have been asserted to sustain a claim under section 1983 municipal liability, the Court finds that Holder has satisfied his burden, at this stage, of alleging a custom or usage with force of law. As the existence of such a custom is largely a fact-based issue, the Sheriff's arguments would be better suited at the summary judgment stage when Holder has been afforded additional discovery. Therefore, the Sheriff's Motion is denied on this ground.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Bob Gualtieri's Motion to Dismiss the Second Amended Complaint (Doc. # 35) is **DENIED.**

(2) Defendant has until and including **July 20, 2015**, to file his Answer to Plaintiff's Second Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of July, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record